PETER WESSEL, ESQ. (PW 4164)
LAW OFFICE OF PETER WESSEL, PLLC
Attorneys for Defendants
*Jin Jin Commerce Corp., Xin Xin Commerce*
*Corp., Hai Bai Wang, Jane Doe 1 a/k/a*
*"Cindy," and Jane Doe II, a/k/a "Xiao Yen"*
270 Madison Avenue – Suite 1203
New York, New York 10016-0601
peterwessel@wessellaw.com
Tel:   (212) 532-9700
Fax:   (212) 202-7522

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
DING MING LIU, XIANG WEI CHEN, JIAN RONG    : Docket No. 08 CV 4199 (GBD)
KE, CHUAN JING LIN, MU QIU LIU, ZHONG MIN   :
SHI, SHENG DA WENG, GUO FENG ZHANG and      :
GUO LI ZHANG,                                :
                                             :
              Plaintiffs,                    :
                                             : **NOTICE OF MOTION**
   - against -                               :
                                             :
JIN JIN COMMERCE CORP., XIN XIN COMMERCE    :
CORP., HAI BING WANG, JANE DOE I, a/k/a "Cindy," :
and JANE DOE II, a/k/a "Xiao Yen,"          :
                                             :
              Defendants.                    :
-------------------------------------------------------------------X

**PLEASE TAKE NOTICE**, that upon the accompanying Declaration of PETER WESSEL, ESQ., dated August 18, 2008, the accompanying Affidavit of HAI BING WANG, sworn to on August 15, 2008, and the documents annexed thereto, and the accompanying Memorandum of Law in Support of Defendants' Motion to Dismiss, and all the prior pleadings and proceedings heretofore had herein, the Defendants, JIN JIN COMMERCE CORP., XIN XIN COMMERCE CORP., HAI BING WANG, JANE DOE, a/k/a "Cindy," (JIAN-XU SUN, also known as "Sandy") and JANE DOE II, a/k/a "Xiao Yen" (XIO YEN WANG), will move this Court, in Courtroom 15D of the United States Courthouse, 500 Pearl Street, New York, New

York, on the ____ day of _____, 2008 at _____ a.m./p.m. for an Order (1) dismissing the complaint insofar as asserted by Plaintiff DING MING LIU, and (2) dismissing those claims which are barred by the applicable Statutes of Limitations, together with such other and further relief as this Court may deem just and appropriate.

Dated: New York, New York
      August 18, 2008

                                            PETER WESSEL (PW 4164)

TO:    LINKLATERS LLP
        Attn.: JOSEPH B. SCHMIT (JS 1243)
             A. HYUN RICH (AR 7900)
             STERLING P.A. DARLING, JR. (SD 6413)
        1345 Avenue of the Americas
        New York, New York 10105-0302
        (212) 903-9000/(212) 902-9100 (fax)

        URBAN JUSTICE CENTER
        Attn.: DAVID A. COLODNY (DC 4234)
        123 William Street – 16th Floor
        New York, New York 10038-3800
        (646) 459-3006/(212) 533-4598 (fax)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
DING MING LIU, XIANG WEI CHEN, JIAN RONG : Docket No. 08 CV 4199 (GBD)
KE, CHUAN JING LIN, MU QIU LIU, ZHONG MIN :
SHI, SHENG DA WENG, GUO FENG ZHANG and :
GUO LI ZHANG, :
 :
                    Plaintiffs, :
 : **DECLARATION**
  - against - :
 :
JIN JIN COMMERCE CORP., XIN XIN COMMERCE :
CORP., HAI BING WANG, JANE DOE I, a/k/a "Cindy," :
and JANE DOE II, a/k/a "Xiao Yen," :
 :
                    Defendants. :
------------------------------------------------------------------------X

    PETER WESSEL, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury as follows:

    1.    This motion is made pursuant to the Stipulation dated July 22, 2008, and So-Ordered on July 29, 2008, a copy of which is annexed hereto.

    2.    I am the attorney of record for the Defendants herein. JANE DOE I, a/k/a "Cindy," the wife of HAI BING WANG, is actually JIAN-XU SUN, who is also known as "Sandy". JANE DOE II, a/k/a "Xiao Yen," the sister of HAI BING WANG, is actually XIO YEN WANG. This affirmation is submitted in support of the accompanying motion, which seeks to accomplish two (2) objectives, as set forth below. The contents of this Declaration are based on matters known to me through discussions with my clients and investigation that have performed by myself or others on behalf of my clients since I was retained on July 16, 2008.

    3.    The motion seeks an Order dismissing the complaint as asserted by Plaintiff DING MING LIU ("LIU"), for all his claims dating from May 2002 through April 2007, when he was an owner and manager of the Mee Noodle Shop and Grill restaurant ("Mee Noodle") that

is at issue in this case. As Defendant, HAI BING WANG, attests in the accompanying affidavit, LIU personally supervised and controlled the work of the delivery staff at Mee Noodle from May 2002 through April 2007, and as is explained in the accompanying Memorandum of Law, LIU, as an owner/manager, cannot maintain this action under the Fair Labor Standards Act or under New York State law. Presumably he has shared information with Plaintiffs' attorneys which he gained as an owner/manager of Mee Noodle.[1] Moreover, as an owner/manager, LIU is potentially liable to the remaining Plaintiffs and Defendants intend to bring a counterclaim or third-party claim, as may be appropriate, against LIU on that basis.

4.  The motion further seeks an order dismissing those claims which are barred by the applicable Statutes of Limitations (two years under FLSA, or three years upon a finding of a willful violation, and six years under New York State law). All of the Plaintiffs assert claims that would be barred under the FLSA statute, and two of the Plaintiffs – DING MING LIU and CHUAN JING LIN – assert claims that would be barred under the New York statute. Plaintiffs claim that the Defendants' alleged failure to post certain notices regarding federal and state labor laws equitably tolls the respective statute of limitations. As the Memorandum of Law explains, there is no on-point Second Circuit or New York State case in support of this position. Plaintiffs' claims in this regard would require discovery of documents and information dating back as much as twelve (12) years, to the extent they exist. The burdens associated with such claims are onerous due to the inherent problems associated with defending claims that are so old and it also wholly frustrates the entire purpose of statutes of limitations, which is to place some finality to liability. Additionally, it is incredible that LIU (whose claims go all the way back to 1996) only learned about his rights under the FLSA and other laws after at least eleven (11)

---

[1] In the interest of crystal clarity, this declaration is not submitted to suggest any impropriety by any of Plaintiffs' attorneys.

years working in the restaurant industry, including five (5) years as a part-owner and manager of a restaurant business. Furthermore, LIU's claim of not knowing the law is not one that would have any effect on his liability as an owner-manager. In fairness to the Defendants, the statute of limitations issue should be determined prior to the commencement of wide-ranging discovery.

5. Defendants' hope that this matter can be resolved without protracted litigation at the earliest time possible.

6. Defendants reserve the right, pursuant to Your Honor's Individual Practices Section 2(E), to request oral argument of this motion at the time reply papers are filed.

Dated: New York, New York
August 18, 2008

_____
PETER WESSEL (PW 4164)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DING MING LIU, XIANG WEI CHEN, JIAN RONG
KE, CHUAN JING LIN, MU QIU LIU, ZHONG MIN
SHI, SHENG DA WENG, GUO FENG ZHANG, and
GUO LI ZHANG,

STIPULATION

Plaintiffs,

Case No. 08 CIV 4199 (GBD)
HON. GEORGE B. DANIELS, USDJ

- against -

JIN JIN COMMERCE CORP., XIN XIN COMMERCE
CORP., HAI BING WANG, JANE DOE I, a/k/a
"Cindy", and JANE DOE II, a/k/a "Xiao Yen,"

Defendants.
------------------------------------------------------------------X

WHEREAS, THE LAW OFFICE OF PETER WESSEL, PLLC, with offices at 270 Madison Avenue, Suite 1203, New York, New York 10016-0601, by PETER WESSEL, ESQ. (hereinafter "counsel for Defendants"), represents that it was retained on July 16, 2008, by the Defendants known as JIN JIN COMMERCE CORP., XIN XIN COMMERCE CORP., HAI BING WANG, JIAN-XU SUN and XIAO YAN WANG (hereinafter referred to as the "Defendants"); and

WHEREAS, counsel for Defendants electronically filed Notices of Appearance on July 16, 2008, to reflect such representation of said Defendants and thereby notified LINKLATERS LLP, with offices at 1345 Avenue of the Americas, New York, New York 10105-6026, and URBAN JUSTICE CENTER, 123 William Street, 16th Floor, New York, New York 10038-3800, which firms are co-counsel for Plaintiffs DING MING LIU, XIANG WEI CHEN, JIAN RONG KE, CHUAN JING LIN, MU QIU LIU, ZHONG MIN SHI, SHENG DA WENG, GUO FENG ZHANG, and GUO LI ZHANG (hereinafter referred to as "counsel for Plaintiffs"); and

WHEREAS, counsel for Defendants has indicated the need for thirty (30) days to more fully inquire about the facts and circumstances of the claims herein for the purpose of serving and filing an answer or a motion, and

WHEREAS, counsel for Defendants has indicated that in consideration of counsel for Plaintiffs' agreement to the instant extension of time to answer or move, Defendants shall waive the affirmative defense of lack of *in personam* jurisdiction; and

WHEREAS, by Order of the Court, filed July 15, 2008 (copy attached), the Initial Pretrial Conference herein, which was scheduled for July 22, 2008, has been adjourned to September 4, 2008:

IT IS HEREBY STIPULATED AND AGREED, by and between counsel for Defendants and counsel for Plaintiffs, that Defendants' time to answer or serve and file a motion in response to the complaint shall be extended to August 18, 2008, *nunc pro tunc*; and

IT IS HEREBY STIPULATED AND AGREED that the Defendants waive the affirmative defense of lack of *in personam* jurisdiction; and

2

IT IS FURTHER STIPULATED AND AGREED that facsimile signatures herein shall be considered and constitute original signatures for all purposes herein.

Dated: July 22, 2008

LAW OFFICE OF PETER WESSEL, PLLC

_____
PETER WESSEL (PW-4164)
Attorney for named Defendants
JIN JIN COMMERCE CORP., XIN XIN
COMMERCE CORP., HAI BING WANG,
JIAN-XU SUN and XIAO YAN WANG
270 Madison Ave., Suite 1203
New York, New York 10016-0601
(212) 532-9700/(212) 202-7522 (fax)

LINKLATERS LLP

_____
JOSEPH B. SCHMIT (JS-1243)
A. HYUN RICH (AR-7900)
STERLING P.A. DARLING, JR. (SD-6413)
Attorneys for Plaintiffs
DING MING LIU, XIANG WEI CHEN,
JIAN RONG KE, CHUAN JING LIN, MU
QIU LIU, ZHONG MIN SHI, SHENG DA
WENG, GUO FENG ZHANG, and GUO
LI ZHANG
1325 Avenue of the Americas
New York, New York 10105-6026
(212) 903-9000/(212) 902-9100 (fax)

URBAN JUSTICE CENTER

_____
DAVID A. COLODNY (DC-4234)
Attorneys for Plaintiffs
DING MING LIU, XIANG WEI CHEN,
JIAN RONG KE, CHUAN JING LIN, MU
QIU LIU, ZHONG MIN SHI, SHENG DA
WENG, GUO FENG ZHANG, and GUO
LI ZHANG
123 William Street, 16th Floor
New York, New York 10038-3800
(646) 459-3006/(212) 533-4598 (fax)

SO ORDERED: JUL 2 9 2008

_____
HON. GEORGE B. DANIELS
UNITED STATES DISTRICT COURT JUDGE

HON. GEORGE B. DANIELS

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
DING MING LIU, XIANG WEI CHEN, JIAN RONG : Docket No. 08 CV 4199 (GBD)
KE, CHUAN JING LIN, MU QIU LIU, ZHONG MIN :
SHI, SHENG DA WENG, GUO FENG ZHANG and :
GUO LI ZHANG, :
                                   Plaintiffs, :
                                             : **AFFIDAVIT**
   - against - :
                                   :
JIN JIN COMMERCE CORP., XIN XIN COMMERCE :
CORP., HAI BING WANG, JANE DOE I, a/k/a "Cindy," :
and JANE DOE II, a/k/a "Xiao Yen," :
                                   Defendants. :
------------------------------------------------------------------------X

**STATE OF TEXAS**       )
                            : ss.:
**COUNTY OF EL PASO**   )

     **HAI BING WANG**, having been duly sworn, hereby attests to the truth of the following under the penalties of perjury:

     1.    I am the current shareholder of JIN JIN COMMERCE CORP. ("JIN JIN"), which owns and operates the Mee Noodle Shop and Grill restaurant ("Mee Noodle") located at 547 Second Avenue, New York, New York. XIN XIN COMMERCE CORP. ("XIN XIN") is the immediate predecessor owner and operator of Mee Noodle. I have been responsible for management of Mee Noodle from the period of 1996 to date. The contents of this affidavit are based on matters personally known to me based upon my knowledge as an owner and a manager of the aforementioned restaurants.

     2.    MEE SUMMER PALACE was a restaurant formerly located at 180 Third Avenue, New York, New York 10003, but which is no longer in operation. Previously, my

- 1 -

involvement in MEE SUMMER PALACE included management and/or ownership interest at various times relevant to the complaint.

3. Defendant, XIO YAN WANG, is my sister. At all times relevant to this action, she has never worked at Mee Noodle in a managerial capacity and she has never had an ownership interest in JIN JIN or XIN XIN, she has never been involved in managing the delivery operations or had anything to do with payroll matters, and she has never been an officer of JIN JIN or XIN XIN. Upon information and belief, she did not have an ownership interest in MEE SUMMER PALACE during September 2003 through November 2005 nor was she involved in its delivery operations or had anything to do with payroll concerning delivery persons during that time. I possessed ownership and management interest in MEE SUMMER PALACE during 2005 and 2006.

4. Mee Noodle, a restaurant specializing in Chinese and Japanese cuisine, opened for business in or about October 1996, and has operated continuously from that time through the present. Mee Noodle serves customers in its dining room, and also takes telephone orders and delivers the orders to homes and businesses in the neighborhood. At all relevant times, Mee Noodle maintained a rotating delivery staff of approximately five (5) to nine (9) persons, with an average of four (4) persons worked any given shift.

5. From about 2000 to 2005, XIN XIN, conducted business through "Mee Noodle Shop and Grill," a Chinese food restaurant, located at 547 Second Avenue, New York, New York 10016.

6. From 2005 to date, JIN JIN, has conducted business through "Mee Noodle Shop and Grill," a Chinese food restaurant, located at 547 Second Avenue, New York, New York 10016.

7. DING MING LIU ("LIU"), a Plaintiff in this lawsuit, was formerly employed at Mee Noodle during two separate periods of time: from approximately October 1996 to approximately January 2000, as a delivery person, and from about May 2002 through April 2007 as a manager-delivery person and then as an owner-manager-delivery person.

8. Upon information and belief, LIU was employed at Mee Noodle Shop and Grill from approximately October 1996 to approximately January 2000, with primary responsibilities that included delivering food to customers who had placed telephone orders. Upon information and belief, he left for other employment in January 2000.

9. After I had numerous discussions with LIU, in or about May 2002, LIU returned to work at Mee Noodle as a manager and delivery person. LIU took on primary and direct responsibility for managing the Mee Noodle delivery operations (see paragraph 11, below).

10. Several months after he returned to Mee Noodle in May 2002, LIU purchased a twenty percent (20%) share of Mee Noodle, for consideration of Seventy Thousand Dollars ($70,000); however, within just a few weeks of making that investment, LIU decided that he only wished to own a ten percent (10%) share of Mee Noodle, and I reimbursed him in the amount of Thirty-Five Thousand Dollars ($35,000).

11. After he purchased an ownership interest, in or about May 2002, LIU's managerial responsibilities for delivery operations included hiring the delivery persons, setting the delivery persons' work schedules, assigning tasks to the delivery persons, determining the pay rate to be made to each delivery person, providing the delivery persons with bicycle safety helmets (since NYC Ordinance required it), keeping records of the delivery persons' tip pool, firing delivery persons, and making and maintaining records related to the delivery operation. In

addition, LIU had authority to sign various delivery documents in the regular course of business on behalf of Mee Noodle and he also was a signatory on the business's checking account. The delivery persons were paid every two (2) weeks. LIU would show me with a list of the delivery persons, the hours they worked, and the amounts owed as salary to each one, and I usually gave LIU money to cover the salaries (occasionally I would pay the delivery persons directly after receiving appropriate direction from LIU). I trusted and relied upon LIU to undertake these responsibilities in a proper, fair and lawful fashion and believed that he was doing so. Generally, the delivery persons worked fifty (50) to sixty (60) hours a week and on a monthly basis received between about Two Thousand Two Hundred Dollars ($2,200) and Two Thousand Eight Hundred Dollars ($2,800) after tips were included.

13. As an owner-manager, LIU received a weekly pay exceeding Two Hundred Fifty Dollars ($250) per week.

14. LIU left Mee Noodle in or about April 2007. At about that same time, Mee Noodle re-purchased LIU's shares in exchange for Thirty-Five Thousand Dollars ($35,000). A copy of the Acknowledgment of Receipt of that payment made on April 30, 2007 is attached hereto and made a part hereof, by reference (with translation in English).

15. I trusted LIU while he managed the delivery operations and LIU exercised significant autonomy in his role. At the time, I believed that LIU carried out his responsibilities in a proper manner, including providing legal wages to the delivery persons.

16. Upon his departure from Mee Noodle, LIU removed from the restaurant the business records he maintained regarding the delivery operations, as well as other business records, for reasons unknown to me and without my permission. He has failed to return the records to me despite my requests for their return. This action by LIU has hindered the defense

of this lawsuit. For example, although I recognize the names of several of the Plaintiffs herein as former delivery persons, several of the names are unfamiliar to me, and I have no recollection of anyone with those names who ever worked for Mee Noodle. Additionally, those records are needed in order to assist me with various dates, tips received and wages paid.

17. To the extent that LIU was an owner-manager-delivery person for approximately five (5) years, I further believe and submit that for that period, he is barred from recovering for the claims he has made in this lawsuit.

18. As an owner-manager-delivery person who directed the work of the delivery staff, I further understand that LIU is jointly and severally liable for any recovery by the remaining Plaintiffs in this case.

HAI BING WANG

Sworn to before me this
15th day of August 2008

M. PARRA
MY COMMISSION EXPIRES
November 17, 2010

_____
Notary Public

收据:

本人 Liu Ding Ming 自愿从

美味齐馆 ( Mee Noodle Shop & Grill )

地址: (547 2nd AV NY NY 10016 ) 齐馆.

退出全部的股份. (10% 占全公司的股份)

今 (4月30号 2007年) 收到 支票 # 8095.00

及现金. 26905.00 元. 作为退股的全部钱

共 35000.00 元    立此收据.

收款人: Liu Ding Ming

Liu Ding Ming

4月30号 2007年

## Acknowledgment of Receipt

I, Liu Ding Ming, willingly withdraw all my shares from Mee Noodle Shop & Grill, located at 547 2nd Avenue, NY, NY 10016 (10% share of entire Company's share)

Today, April 30 2007, I receive a check in the sum of $8,095.00 and cash $26,950.00, totaling $35,000.00 as a whole share returned to me.

/s/Liu Ding Ming
Liu Ding Ming
April 30 2007

*English translation of Ding Ming Liu's Acknowledgment of Receipt*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DING MING LIU, XIANG WEI CHEN, JIAN RONG
KE, CHUAN JING LIN, MU QIU LIU, ZHONG MIN
SHI, SHENG DA WENG, GUO FENG ZHANG and
GUO LI ZHANG,

                                                          Plaintiffs,

- against -

JIN JIN COMMERCE CORP., XIN XIN COMMERCE
CORP., HAI BING WANG, JANE DOE I, a/k/a "Cindy,"
and JANE DOE II, a/k/a "Xiao Yen,"

                                                          Defendants.

---

### NOTICE OF MOTION, DECLARATION and AFFIDAVIT

Docket No. 08 CV 4199 (GBD)

---

To:    **LINKLATERS LLP**
        Attn.: JOSEPH B. SCHMIT (JS 1243)
        A. HYUN RICH (AR 7900)
        STERLING P.A. DARLING, JR. (SD 6413)
        1345 Avenue of the Americas
        New York, New York 10105-0302
        (212) 903-9000/(212) 902-9100 (fax)
        *Co-Counsel for Plaintiffs*

        **URBAN JUSTICE CENTER**
        Attn.: DAVID A. COLODNY (DC 4234)
        123 William Street – 16th Floor
        New York, New York 10038-3800
        (646) 459-3006/(212) 533-4598 (fax)
        *Co-Counsel for Plaintiffs*

        James M. Parkison
        Clerk of the Court
        United States District Court
        Southern District of New York
        500 Pearl Street
        New York, New York 10007-1312
        (212) 805-0136

---

                                        PETER WESSEL (PW 4164)
                                LAW OFFICE OF PETER WESSEL, PLLC
                                    270 Madison Avenue, Suite 1203
                                    New York, New York 10017-1014
                                    (212) 532-9700/(212) 202-7522 (fax)
                                    peterwessel@wessellaw.com
                                    *Counsel for Defendants*