PETER WESSEL (PW 4164)
LAW OFFICE OF PETER WESSEL, PLLC
Attorneys for Defendants
*Jin Jin Commerce Corp., Xin Xin Commerce Corp., Hai Bai Wang, Jane Doe 1 a/k/a "Cindy," and Jane Doe II, a/k/a "Xiao Yen"*
270 Madison Avenue – Suite 1203
New York, New York 10016-0601
peterwessel@wessellaw.com
Tel:   (212) 532-9700
Fax:   (212) 202-7522

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DING MING LIU, XIANG WEI CHEN, JIAN RONG         : Docket No. 08 CV 4199 (GBD)
KE, CHUAN JING LIN, MU QIU LIU, ZHONG MIN        :
SHI, SHENG DA WENG, GUO FENG ZHANG and           :
GUO LI ZHANG,                                    :
                                                 :
                    Plaintiffs,                  :
                                                 :
     - against -                                 :
                                                 :
JIN JIN COMMERCE CORP., XIN XIN COMMERCE         :
CORP., HAI BING WANG, JANE DOE I, a/k/a "Cindy," :
and JANE DOE II, a/k/a "Xiao Yen,"               :
                                                 :
                    Defendants.                  :
------------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT
## OF DEFENDANTS' MOTION TO DISMISS

# TABLE OF CONTENTS

**PRELIMINARY STATEMENT**………………………………………….. 1

**ARGUMENT**

    **POINT I** - Liu Cannot Maintain His Instant Claims For
The Period Of Time When He Was An Owner/Manager
Who Was Responsible For Directing The Plaintiffs' Work
and Controlling The Terms Of Plaintiffs' Employment,
and Liu Is Potentially Liable Should The Other Plaintiffs
Herein Prevail On Their Claims………............................................ 2

    **POINT II** - Plaintiffs' Claims Which Pre-Date the FLSA
and New York Labor Law Statutes Of Limitations Should
Be Dismissed………………………………………………………... 4

**CONCLUSION**…………………………………………………….......  8

## TABLE OF AUTHORITIES

**Federal Cases**

Archer v. Sullivan County, Nos. 95-5214, 95-5215, 1997 WL 720406
(6th Cir. Nov. 14, 1997).................................................................. 7

Baldayaque v. United States, 338 F.3d 145 (2d Cir. 2003)........................ 5

Batts v. Conway, No. 07-CV-1927 (JFB) 2008 WL 1836946
(E.D.N.Y. Apr. 22, 2008)................................................................ 6

Bonette v. California Health and Welfare Agency, 704 F.2d 1465
(9th Cir. 1983)............................................................................... 3

Bonham v. Dresser Indus., 569 F.2d 187 (3d Cir. 1978), *cert. denied*,
439 U.S. 821, 99 S.Ct. 87 (1978)..................................................... 6

Boykin v. KeyCorp, 521 F.3d 202 (2d Cir. 2008)...................................... 4

Carmichael v. Hobbs, No. 07-CV-2022 (JG)(LB) 2008 WL 697347
(E.D.N.Y. Mar. 14, 2008)............................................................... 7

Carter v. Dutchess Comm. College, 735 F.2d 8 (2d Cir. 1984)................... 3

Chung v. The New Silver Palace Rest., Inc., 272 F.Supp.2d 314
(S.D.N.Y. 2003)............................................................................ 4

Doe v. Menefee, 391 F.3d 147 (2d Cir. 2004), *cert. denied*, 546 U.S. 961,
126 S.Ct. 489 (2005)..................................................................... 5

Donovan v. Burger King Corp., 675 F.2d 516 (2d Cir. 1982)..................... 2

Doyle v. Yelich, No. 05-CV-2750 (JG), 2005 WL 2475727 (E.D.N.Y.
Oct. 7, 2005)................................................................................ 7

Forbes v. Walsh, No. 04-CV-5076 (LAK) 2007 WL 54792 (S.D.N.Y.
Jan. 9, 2007)................................................................................ 6

Goldberg v. Whitaker House Co-op, Inc., 366 U.S. 28, 81 S.Ct. 933 (1961)...... 3

Herman v. RSR Security Svcs. Ltd., 172 F.3d 132 (2d Cir. 1999)................ 3, 4

| | |
|---|---|
| Jowers v. Lakeside Family and Children's Svcs., 435 F.Supp. 280 (S.D.N.Y. 2006)............................................................................................ | 6 |
| Kamens v. Summit Stainless, Inc., 586 F.Supp. 324 (E.D.Pa. 1984)................. | 6 |
| Kazanzas v. Walt Disney World Co., 704 F.2d 1527 (11th Cir. 1983), cert. denied, 464 U.S. 982, 104 S.Ct. 425 (1983)........................................... | 7 |
| Lu v. Phillips, No. 03-CV-2558 (RJD), 2005 WL 1889461 (E.D.N.Y. Aug. 4, 2005)............................................................................................... | 6 |
| Miller v. Int'l Tel. and Telegraph Corp., 755 F.2d 20 (2d Cir. 1985), cert. denied, 474 U.S. 851, 106 S.Ct. 148 (1985)........................................... | 5 |
| Pearl v. City of Long Beach, 296 F.3d 76 (2d Cir. 2002), cert. denied, 538 U.S. 922, 123 S.Ct. 1574 (2003)....................................................... | 5 |
| Quina v. Owens-Corning Fiberglas Corp., 575 F.2d 1115 (5th Cir. 1978)........... | 7 |
| Reich v. Waldbaum's, Inc., 52 F.3d 35 (2d Cir. 1995)...................................... | 3,4 |
| United States v. Sabhnani, 07-cr-429, _ F.Supp.2d _, 2008 WL 2791869 (E.D.N.Y. July 19, 2008)...................................................................... | 6 |
| Smaldone v. Senkowski, 273 F.3d 133 (2d Cir. 2001), cert. denied, 535 U.S. 1017, 122 S.Ct. 1606 (2002)................................................... | 4-5 |
| Smith v. American President Lines, Ltd., 571 F.2d 102 (2d Cir. 1978).............. | 6 |
| Smith v. McGinnis, 208 F.3d 13 (2d Cir. 2000), cert. denied, 531 U.S. 840, 121 S.Ct. 104 (2000).................................................................. | 5 |
| Valverde v. Stinson, 224 F.3d 129 (2d Cir. 2000)............................................ | 5 |
| Zerilli-Edelglass v. NYC Trans. Auth., 333 F.3d 74 (2d Cir. 2003).................. | 4 |

**New York Cases**

| | |
|---|---|
| Brothers v. Branch Motor Express Co., 60 Misc.2d 835, 304 N.Y.S.2d 174 (N.Y.Civ.Ct., N.Y.Cty. 1969)................................................. | 3 |
| Jordan v. Ford Motor Co., 73 A.D.2d 422, 426 N.Y.S.2d 359 (2d Dep't 1980)... | 8 |
| Power Mercantile Corp. v. Feinberg, 109 A.D.2d 117, 490 N.Y.S.2d 190 (1st Dep't 1985)................................................................................... | 8 |

Putter v. North Shore Univ. Hosp., 7 N.Y.3d 548, 825 N.Y.S.2d 435 (2006)...... 7

Scott Wetzel Svcs., Inc. v. New York State Bd. of Indus. Appeals,
   252 A.D.2d 212, 682 N.Y.S.2d 304 (3d Dep't 1998)................................. 3

Simcuski v. Saeli, 44 N.Y.2d 442, 406 N.Y.S.2d 259 (1978)...................... 7

Zumpano v. Quinn, 6 N.Y.3d 666, 816 N.Y.S.2d 703 (2006)....................... 7-8

**Federal Statutes**

29 U.S.C. § 203(d).................................................................. 3

29 U.S.C. § 203(e)(1)............................................................... 2

29 U.S.C. § 213(a)(1)............................................................... 2

29 U.S.C. § 255(a).................................................................. 4

**Federal Regulations**

29 C.F.R. s. 541.100................................................................ 3

29 C.F.R. s. 541.200 (2002)......................................................... 2

29 C.F.R. s. 541.200 (2006)......................................................... 2

**New York Statutes**

Labor Law § 198(3).................................................................. 4

Labor Law § 651(5)(c)............................................................... 3

## PRELIMINARY STATEMENT

The nine (9) Plaintiffs in this case all claim to have been employed by the Mee Summer Palace restaurant and/or the Mee Noodle Shop and Grill restaurant ("Mee Noodle") as delivery persons, at various times ranging from January 1996 to 2007, and seek redress for alleged violations of federal and state minimum wage and other employment laws. Defendants generally deny these allegations, but will respond more specifically to such allegations as may remain after this motion has been decided in a timely responsive pleading.

This motion, brought prior to interposing a responsive pleading, is further necessitated by the anomalous presence of Plaintiff DING MING LIU ("LIU") in this action. As is attested by Defendant, HAI BING WANG, in his accompanying affidavit, LIU was the manager of the delivery operations, at Mee Noodle from May 2002 through April 2007. During that time, LIU was specifically and solely responsible for managing and directing the activities of the delivery persons. The Plaintiffs herein all claim to have been employed as delivery persons. Throughout almost the entirety of that period of time, LIU also was a ten percent (10%) shareholder of Mee Noodle.

As an owner/manager from May 2002 through April 2007, LIU is not only ineligible to recover damages under the Fair Labor Standards Act and related statutes, he is potentially liable to those Plaintiffs herein whom he employed and supervised as an owner/manager. The claims asserted by LIU, insofar as they seek recovery for alleged labor violations during that period of time, must be dismissed.

Additionally, the Plaintiffs, by their complaint, seek to toll the applicable statutes of limitations on the grounds that Mee Noodle and Mee Summer Palace allegedly did not post certain notices required pursuant to the FLSA and similar New York law. As explained below,

the case law does not support this claim. As such, the two-year FLSA statute of limitations, and the six-year New York statute must be held binding, and all claims pre-dating those periods of time must be dismissed as time-barred.

### ARGUMENT

### POINT I

**LIU CANNOT MAINTAIN HIS INSTANT CLAIMS FOR THE PERIOD OF TIME WHEN HE WAS AN OWNER/MANAGER WHO WAS RESPONSIBLE FOR DIRECTING THE PLAINTIFFS' WORK AND CONTROLLING THE TERMS OF PLAINTIFFS' EMPLOYMENT, AND LIU IS POTENTIALLY LIABLE SHOULD THE OTHER PLAINTIFFS HEREIN PREVAIL ON THEIR CLAIMS**

The Fair Labor Standards Act ("FLSA") provides a circular definition of "employee": "any individual employed by an employer." 29 U.S.C. § 203(e)(1). However, the FLSA specifically exempts from this definition "any employee employed in a *bona fide* executive, administrative, or professional capacity." 29 U.S.C. § 213(a)(1). The U.S. Department of Labor ("DOL") has interpreted this phrase, with respect to an employee earning at least $455 per week[1], as:

> [a]n employee whose primary duty consists of the management of the enterprise in which he is employed or of a customarily recognized department or subdivision thereof; and includes the customary and regular direction of the work of two or more other employees.

29 C.F.R. s. 541.200 (2006); *see also*, <u>Donovan v. Burger King Corp.</u>, 675 F.2d 516 (2d Cir. 1982) (holding that assistant managers who earned over $250 per week, devoted forty percent [40%] of their work time to non-exempt duties, but whose "primary duty" was managerial, were exempt from coverage of FLSA). The DOL has also determined that a "bona fide executive"

---

[1] Prior to 2006, the required salary was $250 per week. 29 C.F.R. s. 541.200 (2002). As Hai Bin Wang attests (see accompanying affidavit), Mee Noodle paid LIU approximately $3,500 per month during his tenure in management.

must be compensated on a salary basis, as opposed to an hourly scheme. 29 C.F.R. s. 541.100; *see also*, Reich v. Waldbaum's, Inc., 52 F.3d 35, 39 (2d Cir. 1995). As HAI BING WANG attests, LIU received Three Thousand Five Hundred Dollars ($3,500) per month.

The New York Labor Law contains an identical exemption for employees engaged in a "bona fide executive, administrative or professional capacity." New York Labor Law § 651(5)(c). The New York courts appear to have applied the federal interpretation of this phrase. *See* Scott Wetzel Svcs., Inc. v. New York State Bd. of Indus. Appeals, 252 A.D.2d 212, 682 N.Y.S.2d 304 (3d Dep't 1998); Brothers v. Branch Motor Express Co., 60 Misc.2d 835, 304 N.Y.S.2d 174 (N.Y.Civ.Ct., N.Y.Cty. 1969).

Moreover, during the period in question, LIU was an employer with respect to the members of the delivery staff. The FLSA defines an "employer" as "any person acting directing or individually in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). The Supreme Court has held that this phrase should be interpreted in light of the "economic reality" of the relationship between the parties. Goldberg v. Whitaker House Co-op, Inc., 366 U.S. 28, 33, 81 S.Ct. 933, 936-37 (1961). Interpreting this standard, the courts have applied a four-part "economic reality test" to determine whether a given individual is an employer:

> [w]hether the alleged employer "(1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.

Herman v. RSR Security Svcs. Ltd., 172 F.3d 132, 139 (2d Cir. 1999), *citing*, Carter v. Dutchess Comm. College, 735 F.2d 8, 12 (2d Cir. 1984), *quoting*, Bonette v. California Health and Welfare Agency, 704 F.2d 1465, 1470 (9th Cir. 1983). As the Second Circuit has explained, "the overarching concern is whether the alleged employer possessed the power to control the workers

in question." Herman, supra. The test is the same under the New York Labor Law. See Chung v. The New Silver Palace Rest., Inc., 272 F.Supp.2d 314, 318 n.6 (S.D.N.Y. 2003).

Here, LIU possessed the power to control the Plaintiffs' employment at Mee Noodle during the period in question. As HAI BING WANG attests, LIU hired these workers, he had the power to fire them, he set the terms of their employment, and he directed their work activities. Under the well-settled law, LIU is potentially liable to the Plaintiffs for the claims they have asserted herein, for any damages awarded dating from the period of time LIU managed them and their work.

## POINT II

### PLAINTIFFS' CLAIMS WHICH PRE-DATE THE FLSA AND NEW YORK LABOR LAW STATUTES OF LIMITATIONS SHOULD BE DISMISSED

The FLSA contains a two-year statute of limitations, or three years if a cause of action is found to have arisen out of a willful violation. 29 U.S.C. § 255(a); Reich, supra. The New York Labor Law contains a six-year statute of limitations. Section 198(3). In their complaint, the Plaintiffs aver that the federal and New York statutes of limitations should be tolled, under the "equitable tolling doctrine," due to Defendants' alleged failure to display notices in the restaurants as required under federal regulations and New York statutory and administrative authority. See Complaint, p. 14. This request should be denied.

The Second Circuit has never addressed the issue of whether a failure to post the required notices tolls the statute of limitation in a wage and hour case. The Second Circuit has repeatedly emphasized, however, that equitable tolling "is reserved for 'extraordinary or exceptional circumstances.'" Boykin v. KeyCorp, 521 F.3d 202, 211 n.10 (2d Cir. 2008), citing Zerilli-Edelglass v. NYC Trans. Auth., 333 F.3d 74, 80 (2d Cir. 2003); Smaldone v. Senkowski, 273

F.3d 133, 138 (2d Cir. 2001), *cert. denied*, 535 U.S. 1017, 122 S.Ct. 1606 (2002), *citing*, Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000), *cert. denied*, 531 U.S. 840, 121 S.Ct. 104 (2000); Valverde v. Stinson, 224 F.3d 129, 133-34 (2d Cir. 2000). The Court has suggested that the circumstances justifying equitable tolling must be truly extraordinary:

> [W]e have established only a limited number of circumstances that may merit equitable tolling, such as when an attorney's conduct is so outrageous that it is truly incompetent and extraordinary, and where prison officials intentionally obstruct a petitioner's ability to file his petition by confiscating his legal papers.

Doe v. Menefee, 391 F.3d 147, 159 (2d Cir. 2004), *cert. denied*, 546 U.S. 961, 126 S.Ct. 489 (2005), *internally citing*, Baldayaque v. United States, 338 F.3d 145, 152 (2d Cir. 2003), *also citing*, Valverde, *supra* at 133-34. The Court has also stressed that application of the doctrine will be truly rare:

> [A]lthough we have broadly stated...that we will apply the equitable tolling doctrine as a matter of fairness where a plaintiff has been prevented in some extraordinary way from exercising his rights, we made it clear that we had in mind a situation where a plaintiff could show that it would have been *impossible* for a reasonably prudent person to learn about his or her cause of action.

Pearl v. City of Long Beach, 296 F.3d 76, 85 (2d Cir. 2002), *cert. denied*, 538 U.S. 922, 123 S.Ct. 1574 (2003)(emphasis in original)(citations, quotations marks omitted). Accordingly, in an age discrimination suit, the Second Circuit declined to apply the equitable tolling doctrine to the New York statute of limitations, holding:

> [T]he foregoing time periods...are not tolled or delayed pending the employee's realization that the conduct was discriminatory unless the employee was actively misled by his employer, he was prevented in some extraordinary way from exercising his rights, or he asserted his rights in the wrong forum, in which event tolling of the time bar might be permitted as a matter of fairness. An "extraordinary" circumstance permitting tolling of the time bar might exist if the employee could show that it would have been impossible for a reasonably prudent person to learn that his discharge was discriminatory.

Miller v. Int'l Tel. and Telegraph Corp., 755 F.2d 20, 24 (2d Cir. 1985), *cert. denied*, 474 U.S.

-5-

851, 106 S.Ct. 148 (1985), *internally citing*, Smith v. American President Lines, Ltd., 571 F.2d 102, 109 (2d Cir. 1978).

In a recent case in the Eastern District of New York, Judge Spatt cited the failure to post required notices and applied the doctrine to toll the FLSA limitations statute. *See*, United States v. Sabhnani, 07-cr-429, _ F.Supp.2d _, 2008 WL 2791869, at *6 (E.D.N.Y. July 19, 2008), *citing*, Kamens v. Summit Stainless, Inc., 586 F.Supp. 324 (E.D.Pa. 1984); Bonham v. Dresser Indus., 569 F.2d 187, 193 (3d Cir. 1978), *cert. denied*, 439 U.S. 821, 99 S.Ct. 87 (1978). Sabhnani, however, involved facts of a far greater magnitude than the matter at bar, as the defendants in Sabhnani had been convicted of all counts of a 12-count indictment including conspiracy to commit forced labor, two counts of forced labor, harboring aliens, and document servitude. Judge Spatt, in Sabhnani, relied upon a Third Circuit case which involved a much shorter 180-day requirement, which had been deemed a limitations statute, in an action brought under the Age Discrimination in Employment Act.

Additionally, it is well settled that ignorance of the law does not constitute "extraordinary circumstances" that would trigger the tolling doctrine. *See* Jowers v. Lakeside Family and Children's Svcs., 435 F.Supp. 280, 284 (S.D.N.Y. 2006)(holding ignorance of the law not grounds for equitable tolling of limitations statute in action brought under the Americans with Disabilities Act); Batts v. Conway, No. 07-CV-1927 (JFB) 2008 WL 1836946, at *3 (E.D.N.Y. Apr. 22, 2008), *citing*, Forbes v. Walsh, No. 04-CV-5076 (LAK) 2007 WL 54792, at *4 (S.D.N.Y. Jan. 9, 2007)("That [petitioner] was ignorant of the law and had to rely on other inmates for help are not "extraordinary," as they apply to most inmates"); Lu v. Phillips, No. 03-CV-2558 (RJD), 2005 WL 1889461, at *2 (E.D.N.Y. Aug. 4, 2005)("Lack of proficiency in English and lack of expertise do not constitute "extraordinary circumstances" justifying

equitable tolling"); Doyle v. Yelich, No. 05-CV-2750 (JG), 2005 WL 2475727, at *2 (E.D.N.Y. Oct. 7, 2005)(holding petitioner's *pro se* status and ignorance of the law do not warrant equitable tolling); *see also*, Carmichael v. Hobbs, No. 07-CV-2022 (JG)(LB) 2008 WL 697347, at *3 (E.D.N.Y. Mar. 14, 2008)(citations omitted)(holding illiteracy, ignorance of the law, and *pro se* status are not grounds for equitable tolling under federal or New York law).

The Sixth Circuit has declined to find that failure to post labor notices tolls the statute of limitations, noting that "the entire purpose of statute of limitations is to provide finitude to liability for wrongs." Archer v. Sullivan County, Nos. 95-5214, 95-5215, 1997 WL 720406, at *4 (6th Cir., Nov. 14, 1997). The Eleventh Circuit has also declined to so find, in the context of required notices pursuant to the ADEA, citing the "normal rule that ignorance of…legal rights or failure to seek legal advice [do] not toll the statute." Kazanzas v. Walt Disney World Co., 704 F.2d 1527, 1530-31 (11th Cir. 1983), *cert. denied*, 464 U.S. 982, 104 S.Ct. 425 (1983), *citing*, Quina v. Owens-Corning Fiberglas Corp., 575 F.2d 1115, 1118 (5th Cir. 1978).

The New York state courts have not addressed the question of whether failure to post required notices tolls the limitations statute. The New York Court of Appeals has held that "a defendant may be estopped to plead the statute of limitation where plaintiff was induced by fraud, misrepresentation or deception to refrain from filing a timely action." Simcuski v. Saeli, 44 N.Y.2d 442, 458-59, 406 N.Y.S.2d 259, 262 (1978). A plaintiff seeking to apply the doctrine of equitable estoppel must "establish that subsequent and specific actions by defendants somehow kept him or her from timely bringing suit … where plaintiff is prevented from filing an action within the applicable statute of limitations due to his or her reasonable reliance on deception, fraud or misrepresentations by the defendant." Putter v. North Shore Univ. Hosp., 7 N.Y.3d 548, 552-53, 825 N.Y.S.2d 435, 437 (2006), *internally citing*, Zumpano v. Quinn, 6

N.Y.3d 666, 816 N.Y.S.2d 703, 706 (2006).

Thus, the doctrine requires proof that a defendant made an actual misrepresentation or committed some other affirmative wrongdoing. Power Mercantile Corp. v. Feinberg, 109 A.D.2d 117, 122, 490 N.Y.S.2d 190, 193 (1st Dep't 1985). Where concealment, rather than actual misrepresentation, is claimed, estoppel applies only where a fiduciary relationship obligated defendant "to inform plaintiff of facts underlying the claim." Jordan v. Ford Motor Co., 73 A.D.2d 422, 424, 426 N.Y.S.2d 359, 360-61 (2d Dep't 1980).

Plaintiffs herein do not claim that the Defendants made any active misrepresentation to them. The most that can be said is that Defendants allegedly failed to inform Plaintiffs of the applicable *law*. The law is, of course, a public matter, and in that sense it cannot be concealed. There is no authority holding that "concealment" of the law is grounds for tolling a statute of limitations.

## CONCLUSION

**WHEREFORE**, Defendants' motion to dismiss should be granted in its entirety.

Dated: New York, New York
August 18, 2008

*[signature]*
PETER WESSEL (PW 4164)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DING MING LIU, XIANG WEI CHEN, JIAN RONG
KE, CHUAN JING LIN, MU QIU LIU, ZHONG MIN
SHI, SHENG DA WENG, GUO FENG ZHANG and
GUO LI ZHANG,

                                                                Plaintiffs,

        - against -

JIN JIN COMMERCE CORP., XIN XIN COMMERCE
CORP., HAI BING WANG, JANE DOE I, a/k/a "Cindy,"
and JANE DOE II, a/k/a "Xiao Yen,"

                                                                Defendants.

---

## MEMORANDUM OF LAW

Docket No. 08 CV 4199 (GBD)

---

To:    LINKLATERS LLP
        Attn.: JOSEPH B. SCHMIT (JS 1243)
        A. HYUN RICH (AR 7900)
        STERLING P.A. DARLING, JR. (SD 6413)
        1345 Avenue of the Americas
        New York, New York 10105-0302
        (212) 903-9000/(212) 902-9100 (fax)
        *Co-Counsel for Plaintiffs*

        URBAN JUSTICE CENTER
        Attn.: DAVID A. COLODNY (DC 4234)
        123 William Street – 16th Floor
        New York, New York 10038-3800
        (646) 459-3006/(212) 533-4598 (fax)
        *Co-Counsel for Plaintiffs*

        James M. Parkison
        Clerk of the Court
        United States District Court
        Southern District of New York
        500 Pearl Street
        New York, New York 10007-1312
        (212) 805-0136

---

        PETER WESSEL (PW 4164)
        LAW OFFICE OF PETER WESSEL, PLLC
        270 Madison Avenue, Suite 1203
        New York, New York 10017-1014
        (212) 532-9700/(212) 202-7522 (fax)
        peterwessel@wessellaw.com
        *Counsel for Defendants*