UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DING MING LIU, XIANG WEI CHEN, JIAN RONG : Docket No. 08 CV 4199 (GBD)
KE, CHUAN JING LIN, MU QIU LIU, ZHONG MIN :
SHI, SHENG DA WENG, GUO FENG ZHANG and :
GUO LI ZHANG, :
 :
                   Plaintiffs, :
 : **AFFIDAVIT**
  - against - :
 :
JIN JIN COMMERCE CORP., XIN XIN COMMERCE :
CORP., HAI BING WANG, JANE DOE I, a/k/a "Cindy," :
and JANE DOE II, a/k/a "Xiao Yen," :
 :
                   Defendants. :
------------------------------------------------------------------X

**STATE OF TEXAS**     )
                            : ss.:
**COUNTY OF EL PASO**  )

      **HAI BING WANG**, having been duly sworn, hereby attests to the truth of the following under the penalties of perjury:

      1.    I am the current shareholder of JIN JIN COMMERCE CORP. ("JIN JIN"), which owns and operates the Mee Noodle Shop and Grill restaurant ("Mee Noodle") located at 547 Second Avenue, New York, New York. XIN XIN COMMERCE CORP. ("XIN XIN") is the immediate predecessor owner and operator of Mee Noodle. I have been responsible for management of Mee Noodle from the period of 1996 to date. The contents of this affidavit are based on matters personally known to me based upon my knowledge as an owner and a manager of the aforementioned restaurants.

      2.    MEE SUMMER PALACE was a restaurant formerly located at 180 Third Avenue, New York, New York 10003, but which is no longer in operation. Previously, my

involvement in MEE SUMMER PALACE included management and/or ownership interest at various times relevant to the complaint.

3.  Defendant, XIO YAN WANG, is my sister. At all times relevant to this action, she has never worked at Mee Noodle in a managerial capacity and she has never had an ownership interest in JIN JIN or XIN XIN, she has never been involved in managing the delivery operations or had anything to do with payroll matters, and she has never been an officer of JIN JIN or XIN XIN. Upon information and belief, she did not have an ownership interest in MEE SUMMER PALACE during September 2003 through November 2005 nor was she involved in its delivery operations or had anything to do with payroll concerning delivery persons during that time. I possessed ownership and management interest in MEE SUMMER PALACE during 2005 and 2006.

4.  Mee Noodle, a restaurant specializing in Chinese and Japanese cuisine, opened for business in or about October 1996, and has operated continuously from that time through the present. Mee Noodle serves customers in its dining room, and also takes telephone orders and delivers the orders to homes and businesses in the neighborhood. At all relevant times, Mee Noodle maintained a rotating delivery staff of approximately five (5) to nine (9) persons, with an average of four (4) persons worked any given shift.

5.  From about 2000 to 2005, XIN XIN, conducted business through "Mee Noodle Shop and Grill," a Chinese food restaurant, located at 547 Second Avenue, New York, New York 10016.

6.  From 2005 to date, JIN JIN, has conducted business through "Mee Noodle Shop and Grill," a Chinese food restaurant, located at 547 Second Avenue, New York, New York 10016.

7.  DING MING LIU ("LIU"), a Plaintiff in this lawsuit, was formerly employed at Mee Noodle during two separate periods of time: from approximately October 1996 to approximately January 2000, as a delivery person, and from about May 2002 through April 2007 as a manager-delivery person and then as an owner-manager-delivery person.

8.  Upon information and belief, LIU was employed at Mee Noodle Shop and Grill from approximately October 1996 to approximately January 2000, with primary responsibilities that included delivering food to customers who had placed telephone orders. Upon information and belief, he left for other employment in January 2000.

9.  After I had numerous discussions with LIU, in or about May 2002, LIU returned to work at Mee Noodle as a manager and delivery person. LIU took on primary and direct responsibility for managing the Mee Noodle delivery operations (see paragraph 11, below).

10. Several months after he returned to Mee Noodle in May 2002, LIU purchased a twenty percent (20%) share of Mee Noodle, for consideration of Seventy Thousand Dollars ($70,000); however, within just a few weeks of making that investment, LIU decided that he only wished to own a ten percent (10%) share of Mee Noodle, and I reimbursed him in the amount of Thirty-Five Thousand Dollars ($35,000).

11. After he purchased an ownership interest, in or about May 2002, LIU's managerial responsibilities for delivery operations included hiring the delivery persons, setting the delivery persons' work schedules, assigning tasks to the delivery persons, determining the pay rate to be made to each delivery person, providing the delivery persons with bicycle safety helmets (since NYC Ordinance required it), keeping records of the delivery persons' tip pool, firing delivery persons, and making and maintaining records related to the delivery operation. In

addition, LIU had authority to sign various delivery documents in the regular course of business on behalf of Mee Noodle and he also was a signatory on the business's checking account. The delivery persons were paid every two (2) weeks. LIU would show me with a list of the delivery persons, the hours they worked, and the amounts owed as salary to each one, and I usually gave LIU money to cover the salaries (occasionally I would pay the delivery persons directly after receiving appropriate direction from LIU). I trusted and relied upon LIU to undertake these responsibilities in a proper, fair and lawful fashion and believed that he was doing so. Generally, the delivery persons worked fifty (50) to sixty (60) hours a week and on a monthly basis received between about Two Thousand Two Hundred Dollars ($2,200) and Two Thousand Eight Hundred Dollars ($2,800) after tips were included.

13. As an owner-manager, LIU received a weekly pay exceeding Two Hundred Fifty Dollars ($250) per week.

14. LIU left Mee Noodle in or about April 2007. At about that same time, Mee Noodle re-purchased LIU's shares in exchange for Thirty-Five Thousand Dollars ($35,000). A copy of the Acknowledgment of Receipt of that payment made on April 30, 2007 is attached hereto and made a part hereof, by reference (with translation in English).

15. I trusted LIU while he managed the delivery operations and LIU exercised significant autonomy in his role. At the time, I believed that LIU carried out his responsibilities in a proper manner, including providing legal wages to the delivery persons.

16. Upon his departure from Mee Noodle, LIU removed from the restaurant the business records he maintained regarding the delivery operations, as well as other business records, for reasons unknown to me and without my permission. He has failed to return the records to me despite my requests for their return. This action by LIU has hindered the defense

of this lawsuit. For example, although I recognize the names of several of the Plaintiffs herein as former delivery persons, several of the names are unfamiliar to me, and I have no recollection of anyone with those names who ever worked for Mee Noodle. Additionally, those records are needed in order to assist me with various dates, tips received and wages paid.

17. To the extent that LIU was an owner-manager-delivery person for approximately five (5) years, I further believe and submit that for that period, he is barred from recovering for the claims he has made in this lawsuit.

18. As an owner-manager-delivery person who directed the work of the delivery staff, I further understand that LIU is jointly and severally liable for any recovery by the remaining Plaintiffs in this case.

HAI BING WANG

Sworn to before me this
15th day of August 2008

M. PARRA
MY COMMISSION EXPIRES
November 17, 2010

M. Parra
Notary Public

收据:

本人 Liu Ding Ming 自愿从

美时饭馆 ( Mee Noodle Shop & Grill )

地址: ( 547 2nd AV NY NY 10016 ) 饭馆.

退出全部的股份. (10% 占全公司的股份)

今 (4月30号2007年) 收到 票 # 8,095.00

及现金. 26905.00 元. 作为退股的全部金额

共 35000.00 元.     立此收据.

收款人: Liu Ding Ming

Liu Ding Ming

4月30号 2007年

## Acknowledgment of Receipt

I, Liu Ding Ming, willingly withdraw all my shares from Mee Noodle Shop & Grill, located at 547 2nd Avenue, NY, NY 10016 (10% share of entire Company's share)

Today, April 30 2007, I receive a check in the sum of $8,095.00 and cash $26,950.00, totaling $35,000.00 as a whole share returned to me.

/s/Liu Ding Ming
Liu Ding Ming
April 30 2007

*English translation of Ding Ming Liu's Acknowledgment of Receipt*