UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x

DING MING LIU, XIANG WEI CHEN, JIAN
RONG KE, CHUAN JING LIN, MU QUI LIU,
ZHONG MIN SHI, SHENG DA WENG, GUO
FENG ZHANG, GUO LI ZHANG, AND JIA LIN
XIAO

        Plaintiffs,

   -against-

JIN JIN COMMERCE CORP., ZIN ZIN
COMMERCE CORP., HAI BING WANG, JIAN
ZU-SUN, AND ZIAO YAN WANG,

        Defendants.
------------------------------------x

MEMORANDUM DECISION AND ORDER

08 Civ. 4199 (GBD)

GEORGE B. DANIELS, District Judge:

  Plaintiffs bring this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216, and New York Labor Law alleging that Defendants failed to pay Plaintiffs minimum wage, overtime pay and spread of hours pay while Plaintiffs were employed as delivery workers at Defendants' Chinese restaurants. Defendants move to dismiss the complaint pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute, move for a return of private settlement payments, and for a settlement conference.

**Motion to Dismiss**

  Defendants move to dismiss the complaint against four unidentified named Plaintiffs for failing to prosecute under Rule 41(b). In essence, Defendants contend that all Plaintiffs executed general releases, and now only six of the ten Plaintiffs wish to continue to pursue the instant litigation.

  Rule 41(b) allows a court to dismiss a plaintiff's complaint "if the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). Dismissal

1

for failure to prosecute under Rule 41(b) is a "harsh remedy that should be utilized only in extreme situations." Lewis v. Rawson, 564 F.3d 569, 576 (2d Cir. 2009) (citing to Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993) (internal quotation marks omitted); Alaimo v. Automotive Consulting, 2010 WL 2884713, at *2 (S.D.N.Y. 2010). Before dismissing an action, a court should consider: "whether (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions." Id.

A review of these factors indicates that dismissal is not warranted in this case. Defendants do not contend there has been any delay. Plaintiffs' counsel appeared and participated in every pre-trial conference and timely responded to Defendants' motion. Therefore, Defendants' motion to dismiss pursuant to Rule 41(b) is denied.

In the alternative, Defendants move for approval of the private settlement agreements that Plaintiffs and Defendants signed. It is well settled that an employee may only waive a FLSA claim for unpaid wages or overtime pursuant to a judicially-supervised stipulated settlement or in a settlement supervised by the Department of Labor. See Medley v. American Cancer Soc., 2010 WL 3000028, at *1 (S.D.N.Y. 2010); see also Brooklyn Sav. Bank v. O'Neill, 324 U.S. 697, 713-14 (1945). It would create an end-run around this requirement if this Court were to approve after the fact a privately negotiated settlement where no attorneys were present. It would also contravene the FLSA's policy of protecting employees from inequality in the bargaining process. See Elliot v. Allstate

Investigations, Inc., 2008 WL 728648, at *1 (S.D.N.Y. 2008) (citing to D.A. Schulte v. Gangi, 328 U.S. 106, 115 (1946)).  Therefore, Defendants motion for a de facto approval of the private settlements is denied.

## Motion for a Return of Private Settlement Payments

Defendants assert, and Plaintiffs contest, that Defendants paid each Plaintiff between $10,000 and $40,000 dollars in cash to settle the claims. Defendants assert that they paid Plaintiffs at the same time as Plaintiffs signed the releases. Defendants further contend that if this litigation is allowed to precede forward that they are entitled to a return of those monies.

The Second Circuit has held that payments made in invalid FLSA releases are to be "applied as partial payments of the amounts due" and have not ordered their return. See Gangi v. D.A. Schulte, Inc., 150 F.2d 694, 697 (2d Cir. 1945) aff'd 328 U.S. 106.; see also Sexton v. Franklin First Financial Ltd., 2009 WL 1706535, at *7 (E.D.N.Y. 2009) (not ordering the return of monies paid in a private release of a FLSA claim). Therefore, Defendants' motion for a return of settlement monies already paid is denied.

## Conclusion

Defendants' motions to dismiss pursuant to Fed. R. Civ. P. 41(b), to approve of the private settlements, to return the private settlement payments, and for a settlement conference are denied.[1]

Dated: January 7, 2011
New York, New York

SO ORDERED:

_____
GEORGE B. DANIELS
United States District Judge

---

[1] This Court will refer this case to Magistrate Judge Freeman for general pretrial supervision and further settlement discussions.